# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2623

_____

United States of America,           *
                                     *
            Appellee,                *
                                     *     Appeal from the United States
      v.                             *     District Court for the
                                     *     Eastern District of Arkansas.
Curtis Waheed Rasool,                *
                                     *     [UNPUBLISHED]
            Appellant.               *

_____

Submitted: May 7, 2008
Filed: July 9, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Curtis Waheed Rasool appeals the sentence imposed by the district court[1] after he pleaded guilty to conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846. We affirm.

Because Rasool had a 1996 Arkansas conviction for possession of a controlled substance with intent to distribute, the government filed a 21 U.S.C. § 851 notice stating its intent to seek an enhancement of his prison term under 21 U.S.C. § 841(b)

_____

[1]The Honorable George Howard, Jr., late a United States District Judge for the Eastern District of Arkansas.

(20-year mandatory minimum if defendant commits instant offense after prior final felony drug conviction). In his plea agreement, Rasool stipulated that he was subject to a mandatory minimum prison term of 20 years; at the plea hearing, the court stated that the 20-year statutory minimum applied, which Rasool acknowledged. At sentencing, the district court determined that Rasool qualified as a career offender under U.S.S.G. § 4B1.1, based in part on his 1996 Arkansas drug conviction. The government moved pursuant to U.S.S.G. § 5K1.1 for a downward departure based on Rasool's substantial assistance, and the court granted the motion, imposing a prison sentence of 159 months--a downward departure of approximately 40% from the low end of Rasool's advisory Guidelines range, as calculated.

On appeal, Rasool's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), suggesting that the district court erred in failing to depart further. Rasool has filed a pro se supplemental brief arguing that the district court erred in considering his 1996 Arkansas drug conviction--for which he received a 5-year suspended sentence--in determining the starting point for the downward departure, and that he otherwise would have received a lower sentence. Although he now contends the amount of crack he possessed to be below 50 grams, in the plea agreement he agreed that he possessed between 50 and 150 grams. He also raises no other meritorious issues.

To begin, we note that the extent of the district court's departure is unreviewable. See United States v. Noe, 411 F.3d 878, 885 (8th Cir. 2005) (extent of § 5K1.1 downward departure is not reviewable). We further note, as to Rasool's pro se arguments, that he did not properly preserve his argument regarding the effect of his 1996 Arkansas drug conviction on his sentence, and thus our review is for plain error only. See United States v Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc) (to preserve error for appellate review, objection must timely and clearly state grounds for objection; errors not properly preserved are reviewed for plain error only).

We conclude that the district court--in arriving at the starting point for its downward departure--did not plainly err in its Guidelines calculations, including the section 4B1.1 career-offender enhancement based in part on Rasool's 1996 Arkansas drug conviction, and that the section 4B1.1 enhancement was proper notwithstanding the fact that his conviction resulted in a suspended sentence. See U.S.S.G. § 4B1.2(b) (as used in § 4B1.1, term "controlled substance offense" means offense under federal or state law, punishable by imprisonment for term exceeding 1 year, that prohibits, inter alia, possession of controlled substance with intent to distribute), comment. (nn.1 & 2) ("prior felony conviction" includes federal or state conviction for offense punishable by imprisonment for term exceeding 1 year, regardless whether such offense is specifically designated as felony and regardless of actual sentence imposed; offense of conviction is focus of inquiry); United States v. Chauncey, 420 F.3d 864, 878 (8th Cir. 2005) (failure to object to fact of conviction is considered admission of conviction for purposes of determining career-offender status); cf. United States v. Ball, 499 F.3d 890, 899 (8th Cir. 2007) (defendant's prior Missouri felony drug conviction which resulted in suspended sentence qualified to trigger enhancement under § 841(b)(1)(A)).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the district court's judgment and we grant counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____